**Dated: February 28, 2006**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE: )
)
**SAMUEL KENNEGTH BEAUMONT** ) Case No. 05-72121
) Chapter 7
)
Debtor. )

### O R D E R

On the 5th day of January, 2006, the Motion to Avoid Lien of the Estate of Earl Wayne Meadows, filed by the Debtor; and Objection of Sam C. Castator, Personal Representative of the Estate of Earl Wayne Meadows, to Debtor's Motion to Avoid Lien, filed by Sam C. Castator; came on for evidentiary hearing. Appearances were entered by Richard Walden, Attorney for Debtor, and G. Dale Elsener, Attorney for Sam Castator ("Creditor"). Each party filed an additional Brief in support of their position on November 15, 2005. The parties also filed a Stipulation of Facts on November 16, 2005. After reviewing the testimony and evidence, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

EOD 2/28/06 by tc

The parties stipulate to the following facts:

1. Debtor is indebted to Creditor in the sum of $13,312.55, together with interest thereon at the lawful rate under state law from September 12, 2002, plus such court costs and attorney fees as are recoverable under Title 58 O.S. § 268.

2. Creditor's claim arises out of the payment by Creditor of inheritance tax due the State of Oklahoma on the Estate of Earl Wayne Meadows, Deceased, incurred under Title 68 O.S. § 807 for property passing outside the probate estate to the Debtor. The funds included proceeds of a certain life insurance policy owned by the Estate of which Debtor was the beneficiary and funds held in the Decedent's 401K Retirement Plan of which the Debtor was also the beneficiary.

3. The inheritance tax which is the subject of the debt owed by Debtor to Creditor was paid by Creditor to the Oklahoma Tax Commission on June 13, 2001.

4. Debtor purchased real property in Seminole County, Oklahoma, including the property claimed as homestead, with the funds Debtor received as beneficiary of the two accounts described in paragraph 2 above.

5. The District Court of Creek County, Oklahoma, wherein the proceedings on Estate of Earl Wayne Meadows were pending, entered judgment on September 12, 2002, determining the amount which Creditor was entitled to collect from Debtor under the provisions of Title 58 O.S. § 268.

6. On August 27, 2004, the Personal Representative filed a Statement of Judgment, in accordance with Title 12 O.S. § 706 in the Offices of the County Clerk of Seminole County, Oklahoma, setting forth the amount of the judgment, attorney fees and costs.

7. Debtor filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on May 18, 2005, and filed the motion currently under consideration by the Court in June 2005.

8. Debtor is entitled to claim a homestead exemption of 160 acres on the real property described in paragraph 4 above.

9. There exist the following consensual liens, excluding that claimed by Personal Representative, upon all the lands of the Debtor:
   CIT Group Mortgage
   Bonham & Howard Mortgage

2

Case 05-72121   Doc 61   Filed 02/28/06   Entered 02/28/06 09:21:24   Desc Main
Document   Page 2 of 5

A-Way-Out Bail Bonds Mortgage

The parties express the issue before this Court as follows:

Is the lien of the creditor, Sammy Castator, Personal Representative of the Estate of Earl Wayne Meadows, deceased, on Debtor's real property a judicial lien as defined by 11 U.S.C. § 522(f) which may be avoided as to the Debtor's homestead, or is the lien a statutory lien and not subject to being avoided under § 522(f)?

Debtor asserts that Creditor's lien is a judicial lien that is avoidable under 11 U.S.C. § 522(f). Debtor states that the judgment giving rise to the lien in question was obtained by the Creditor pursuant to Okla. Stat. tit. 58, § 268, and further argues that because judicial action was required under the statute, the lien is judicial in nature.

Creditor states that the lien is a statutory lien, and therefore unavoidable. Creditor argues that its lien arose pursuant to Okla. Stat. tit. 68, § 811, which imposes a lien upon inheritance taxes levied under Okla. Stat. tit. 68, § 802. Debtor points out, however, that any lien that arises under Section 811 of the Oklahoma Statutes arises in favor of the State of Oklahoma, and is extinguished upon payment of the tax. Creditor paid the inheritance tax on June 13, 2001. Debtor argues that any statutory lien that may have arisen under Section 811 was extinguished on that date. The Court agrees.

Debtor states in his Brief that the parties have reached an agreement regarding the impairment of Debtor's homestead exemption in the event the lien is determined to be a judicial lien and further states that the parties are prepared to submit the agreement to the Court as an agreed order following the Court's decision on this issue.

This Court heard testimony from the Debtor and Melvin Gilbertson, the attorney for Creditor in the probate proceedings. During the proceedings in District Court, it appears that the issues of whether Debtor

3

owed any taxes, and the amount of taxes attributable to Debtor were litigated, and it was determined that Debtor was entitled to receive some credit against the estate tax liability.

Section 522(f)(1) provides in pertinent part that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is - (A) a judicial lien . . . ." 11 U.S.C. § 522(f)(1). A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A statutory lien is one that arises:

> solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(53). The definitions of "judicial lien" and statutory lien" are mutually exclusive. *Hines v. Anderson (In re Hines),* 3 B.R. 370, 372 (Bankr. D. S.D. 1980).

Title 58, section 268 of the Oklahoma Statutes Annotated (West 1995) provides:

> For property other than the probate estate passing directly upon the death of a decedent to another, by law, the executor or administrator of the estate of the decedent shall have the authority to bring an action in the district court having jurisdiction of the probate estate for the collection of any of the state or federal estate tax due and owing by the nonprobate beneficiaries after ten (10) days following service of notice by such executor or administrator upon such nonprobate beneficiary before suit is filed. Such notice shall state the amount of federal or state tax due to the executor or administrator by the nonprobate beneficiary. In such actions, the court costs and reasonable attorney fees may be assessed in favor of the prevailing party.

Title 68, section 811(a) of the Oklahoma Statutes Annotated (West Supp. 2006) provides in part:

> Taxes levied pursuant to the provisions of this article shall be and remain a lien upon all the property transferred until paid...

In this case, obtaining the judgment was not merely a ministerial act. The parties litigated certain

4

contested issues in court, and a judgment was subsequently entered. The lien obtained by Creditor required judicial action, and thus is judicial in nature. A statutory lien arose in favor of the State of Oklahoma, and was extinguished upon payment on June 13, 2001. As a result, the lien should be avoided to the extent that the lien impairs the Debtor's homestead exemption.

IT IS THEREFORE ORDERED that the Motion to Avoid Lien of the Estate of Earl Wayne Meadows, filed by the Debtor, is **granted.** The parties may submit an agreed order, as referenced in Debtor's brief, within fifteen (15) days of the entry of this Order.

***